# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SIRAAJ M.,**
**Respondent Below, Petitioner**

**FILED**
**May 1, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-288** (Fam. Ct. Jefferson Cnty. No. FC-19-2011-D-509)

**STEPHANIE M. AND WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR CHILD SUPPORT ENFORCEMENT,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioner Siraaj M.[1] appeals the "Final Modification Order" entered by the Family Court of Jefferson County on November 7, 2022. Siraaj M. asserts that the family court used the wrong child support calculation worksheet and failed to require Respondent Stephanie M. to provide required financial disclosures. Stephanie M. and the Department of Health and Human Resources, Bureau for Child Support Enforcement ("BCSE") responded in support of the family court's order.[2] Siraaj M. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). The Court has considered the parties' briefs and the record on appeal. For the reasons expressed below, this case is remanded with directions to the family court to hold a new hearing and enter a new child support order using worksheet B from West Virginia Code § 48-13-502 (2001) for an extended shared parenting calculation.

Siraaj M. and Stephanie M. share three children: N.M., age eighteen; S.M., age fifteen; and S.M., age twelve. On May 18, 2012, a final custody order was entered which included the following provisions: (1) Stephanie M. was designated the primary residential parent of all three children, (2) the parties had shared decision-making, (3) Siraaj M. had parenting time on Sundays at 6:00 p.m. through Wednesdays at 3:30 p.m. as well as the second Saturday of each month, (4) Siraaj M. was ordered to pay Stephanie M. $381.00

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last names by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Siraaj M. and Stephanie M. are self-represented; the BCSE is represented by Jennifer K. Akers, Assistant General Counsel.

1

per month in child support, and (5) each parent received two consecutive weeks of parenting time during summer vacation.

On February 17, 2017, an order was entered which increased Siraaj M.'s child support obligation to $430.00 per month. On or about August 16, 2022, Stephanie M. filed an additional petition for modification of child support due to an increase in Siraaj M.'s income. The modification hearing was held on November 3, 2022. By order entered on November 7, 2022, Siraaj M.'s child support was increased to $1,015.00 per month. It is from the November 7, 2022, order that Siraaj M. now appeals.

For these matters, we are guided by the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Siraaj M. raises multiple assignments of error; however, they can be distilled into two issues.[3] We, therefore, will address the main grounds, combining those that are duplicative. For his first assignment of error, Siraaj M. contends that the family court erroneously used Worksheet A, which is the worksheet used for basic shared parenting, to calculate his child support obligation. We agree. West Virginia Code § 48-13-501 (2001) states, "[c]hild support for cases with extended shared parenting is calculated using Worksheet B . . . in cases where each parent has the child for more than one hundred twenty-seven days per year (thirty-five percent)." Pursuant to the custody arrangement detailed in the May 18, 2012, order, Siraaj M. has more than one hundred twenty-seven overnights per year. Therefore, Worksheet B should have been used to calculate his child support obligation.

For his second assignment of error, Siraaj M. contends that the family court failed to enforce Rule 13(a) of the West Virginia Rules of Practice and Procedure for Family Court, which requires parties of child support proceedings to submit their three most recent salary stubs and copies of the last two years' income tax returns. Siraaj M. contends that

---

[3] *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

the court accepted one nine-month-old paystub from Stephanie M., and, as a result, the court made a biased, unlawful decision. We disagree. Although Stephanie M. only submitted one paystub, she also provided testimony about her income. Rule 13(b) of the West Virginia Rules of Practice and Procedure for Family Courts states, "[i]f a party fails to file or untimely files any required financial information, the court may refuse to grant requested relief to that party, and/or may accept the financial information of the other party as accurate." Pursuant to this rule, the family court may allow a party to proceed without the filing of financial disclosures. Here, although the wrong child support calculation worksheet was used, the family court had the discretion to receive testimonial evidence.

For the foregoing reasons, we remand this case to the Family Court of Jefferson County with directions to conduct a new hearing to gather the necessary factual information for a recalculation of child support using Worksheet B for extended shared parenting. The clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Remanded with directions.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3